UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HAIRU MA | ] |
|       Plaintiff | ] Case No. |
| v. | ] |
| | ] |
| THE INDIVIDUALS, CORPORATIONS, | ] |
| LIMITED LIABILITY COMPANIES, | ] |
| PARTNERSHIPS, AND UNINCORPORATED | ] |
| ASSOCIATIONS IDENTIFIED ON SCHEDULE | ] |
| A HERETO, | ] |
|       Defendants | ] |

**PLAINTIFF'S MOTION TO SEAL**

Plaintiff Hairu Ma respectfully submits this application to file under seal the following documents associated with the above referenced action until the hearing on Plaintiffs' Application for an Order to Show Cause Why a Preliminary Injunction Should Not Issue or further order of the Court: Plaintiff's Schedule A attached to the Complaint, which identifies and includes a list of Defendants' Seller Names and/or the Online Marketplace Accounts (the "Defendant Internet Stores").

Plaintiffs have filed its public-record version of the documents redacted and concurrently herewith have provisionally filed the documents electronically under seal.

In this action, Plaintiffs are requesting this *ex parte* relief based on claims for design patent infringement. Sealing this portion of the file is necessary to prevent the Defendants from learning of these proceedings prior to the execution of a temporary restraining order. If Defendants were to learn of these proceedings prematurely, the likely result would be the destruction of relevant documentary evidence and the hiding or transferring of assets to foreign jurisdictions, which would frustrate the purpose of the underlying law and would interfere with this Court's power to grant relief. Once a

temporary restraining order has been served on the relevant parties and the requested actions are taken, Plaintiffs will move to unseal this document.

Therefore, Plaintiffs respectfully request that the Court grant Plaintiffs leave to file its Schedule A attached to the Complaint under seal. *See, e.g., Wowwee Group Ltd. et al v. Meirly, et al,* No. 1:18-cv-00706 Document # 7 (S.D.N.Y. Feb. 5, 2018) (granting application to seal); *Allstar Marketing v. _GB Housewear Store, et al.* No. 1:17-cv-07596 Document #22 (S.D.N.Y. Oct. 12, 2017) (same); Spin Master Ltd. and Spin Master, Inc. v. Alan Yuan's Store, et al No. 1:17-cv-07422 Document #19 (S.D.N.Y. Oct. 13, 2017) (same); *Kipling Apparel Corp. et al v. Rhys, et al* No. 16-cv-990 Document #14 (S.D.N.Y. Feb. 17, 2016) (same).

Dated:  December 21, 2022                    Respectfully submitted,

By:  /s/Cory Rosenbaum
Rosenbaum, & Segall, P.C.
780 Long Beach Blvd.
Long Beach, New York 11561
212.321.5080
cjr@Amazonsellerslawyer.com