IN THE U.S. DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF NEW YORK
CASE No. 22-CV-10784 (JMF)

| | |
|---|---|
| HAIRU MA | ] |
| Plaintiff | ] |
| v. | ] |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO, | ] ] ] ] ] |
| Defendants | ] |

## [PROPOSED] TEMPORARY RESTRAINING ORDER

The Court having considered Plaintiff' *ex parte* application, including all papers filed in support thereof, for the following relief:

(1) a temporary injunction against Defendants (detailed in the **Schedule A** attached to the Complaint), enjoining the manufacture, importation, distribution, offering for sale, and sale of Counterfeit PEN HOLDER Products;

(2) a temporary transfer of the Defendant Domain Names to Plaintiff;

(3) a temporary restraint of Defendants' assets to preserve Plaintiff' right to an equitable accounting;

(4) an order to show cause why a preliminary injunction should not issue;

(5) expedited discovery allowing Plaintiff to inspect and copy Defendants' records relating to the manufacture, distribution, offering for sale, and sale of Counterfeit PEN HOLDER Products and Defendants' financial accounts; and

(6) service by electronic mail and/or electronic publication (collectively, the "Ex Parte Application for TRO"); and

1

The Court finding that it has personal jurisdiction over the Defendants because the Defendants directly target their business activities toward consumers in the United States, including New York, offering to sell and ship and/or selling products into this Judicial District. Specifically, Defendants are reaching out to do business with New York residents by operating one or more commercial, interactive Internet Stores through which New York residents can purchase products bearing counterfeit versions of the PEN HOLDER products incorporating the PEN HOLDER copyrights, including U.S. Copyright Office Registration No. VA 2-136-244; and

The Court finding that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because Plaintiff have presented specific facts in the Declarations of Ahmed Ismael and Michael Yellin, and accompanying evidence clearly showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition, specifically, in the absence of an *ex parte* Order, Defendants could and likely would modify registration data and content, change hosts, redirect traffic to other websites in their control, and move any assets from accounts in U.S.-based financial institutions to offshore accounts; and

The Court finding that Plaintiff have shown (a) Plaintiff have a reasonable likelihood of success on the merits, (b) no adequate remedy at law exists, (c) Plaintiff will suffer irreparable harm without injunctive relief, (d) the irreparable harm suffered without injunctive relief outweighs the irreparable harm defendant will suffer if the injunction is granted, and (e) the injunction will not harm the public interest; therefore

Effective immediately, the Court further ORDERS as follows:

**Temporary Injunction Enjoining the Manufacture, Importation, Distribution, Offering for Sale, and Sale of Counterfeit Products**

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them are temporarily enjoined and restrained from:

   a. Using the PEN HOLDER copyrights or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine PEN HOLDER product or is not authorized by Plaintiff to be sold in connection with the PEN HOLDER copyrights;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine PEN HOLDER product ~~or any other product produced by Plaintiff~~ that is not Plaintiff' or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the PEN HOLDER copyrights;

   c. committing any acts calculated to cause consumers to believe that Defendants' counterfeit PEN HOLDER products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

   d. further infringing the PEN HOLDER copyrights and damaging Plaintiff' goodwill;

   e. ~~otherwise competing unfairly with Plaintiff in any manner;~~

   f. shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which embody

        or copy any Plaintiff copyright, including the PEN HOLDER copyrights or any reproductions, counterfeit copies, or colorable imitations thereof;

    g.    using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, ~~the Defendant Domain Names~~, or any other ~~domain name or~~ Online Marketplace Account that is being used to sell or is the means by which Defendants could continue to sell counterfeit PEN HOLDER products; and

    ~~h.~~    ~~operating and/or hosting websites at the Defendant Domain Names and any other domain names registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product embodying or bearing the PEN HOLDER copyrights or any reproduction, counterfeit copy or colorable imitation thereof that is not a genuine PEN HOLDER product or not authorized by Plaintiff to be sold in connection with the PEN HOLDER copyrights.~~

2.    Defendants, within fourteen (14) days after service of judgment with notice of entry thereof upon them, are required to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner and form in which Defendants have complied with paragraph 1 above.

**Disabling of Online Marketplace Accounts**
**~~Temporary Transfer of Domain Names~~**

~~3.    The domain name registries for the Defendant Domain Names, including, but not Limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, within three (3) business days of receipt of this Order or prior to expiration of this Order, whichever date shall occur first, shall, at Plaintiff' choosing:~~

    ~~a.    unlock and change the registrar of record for the Defendant Domain Names to a registrar of Plaintiff' selection until further ordered by this Court, and the domain name registrars shall take any steps~~

~~necessary to transfer the Defendant Domain Names to a registrar of Plaintiff' selection until further ordered by this Court; or~~

   b.  ~~disable the Defendant Domain Names and make them inactive and untransferable until further ordered by this Court.~~

4. Those in privity with Defendants and those with notice of the injunction, including any online marketplaces such as Amazon, social media platforms such as Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, ~~web hosts for the Defendant Domain Names, and domain name registrars~~, shall within ~~three (3) business~~ five (5) days of receipt of this Order:

   a.  disable and cease providing services for any accounts through which Defendants engage in the sale of counterfeit PEN HOLDER products using the PEN HOLDER copyrights, including any accounts associated with the Defendants listed on Schedule A;

   b.  disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit PEN HOLDER products using the PEN HOLDER copyrights; and

   c.  take all steps necessary to prevent links to the Defendant Domain Names identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Domain Names from any search index.

Paragraph 3, and any other substantive reference to the "Defendant Domain Names" are stricken because Plaintiff does not indicate in its supporting papers that Defendants own or operate their own websites. Instead, Defendants seem to sell the products at issue only on third-party websites.

**Temporary Asset Restraint**

5. Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

6. Amazon Payments Inc ("Amazon") and PayPal shall, within ~~two (2) business~~ *five (5)* days of receipt of this Order, for any Defendant or any of Defendants' Online Marketplace Accounts or websites:

    a. Locate all accounts and funds connected to and related to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any Amazon and/or PayPal accounts connected to and related to the information listed in Schedule A hereto; and

    b. Restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

7. Any banks, savings and loan associations, payment processors or other financial institutions, including but not limited to Payoneer Inc ("Payoneer") for any Defendant or any of Defendants' Online Marketplace Accounts or websites, shall within ~~two (2) business~~ *five (5)* days of receipt of this Order:

    a. Locate all accounts and funds connected to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any accounts connected to the information listed in Schedule A hereto;

  b. Restrain and enjoin such accounts from receiving, transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

**Expedited Discovery**

8. Defendants and any third party with actual notice of this Order who is providing services for any of the Defendants, or ~~in connection with any of Defendants' websites at the Defendant Domain Names or other websites operated by Defendants~~, including, without limitation, any online marketplace platforms such as Amazon, Facebook, internet service providers, web hosts, back-end service providers, web designers, sponsored search engine or ad-word providers, banks, merchant account providers, including Amazon, PayPal and Payoneer, third party processors and other payment processing service providers, shippers, and domain name registrars shall, within ~~five (5) business~~ fourteen (14) days after receipt of such notice, provide to Plaintiff expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

  a. The identities and locations of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information;

  b. the nature of Defendants' operations and all associated sales and financial information, including, without limitation, identifying information associated with the Online Marketplace Accounts, the Defendant Domain Names, and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Online Marketplace Accounts and Defendant Domain Names;

  c. Defendants' websites and/or any Online Marketplace Accounts;

       d.    ~~The Defendant Domain Names or any domain name registered by Defendants; and~~

       e.    Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Amazon, PayPal and/or Payoneer, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

**Service by Electronic Mail and/or Electronic Publication**

9.    Plaintiff may provide notice of these proceedings to Defendants, including notice of the status hearing and service of process pursuant to ~~Fed. R. Civ. P. 4(f)(3)~~[*], by electronically publishing a link to the Complaint, this Order and other relevant documents on a website ~~to which the Defendant Domain Names which are transferred to Plaintiff' control will redirect~~, or by sending an e-mail to any e-mail addresses provided for Defendants by third parties that includes a link to said website. The Clerk of Court is directed to issue a single original summons[**] ~~in the name of "THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO" that shall apply to all Defendants~~. The combination of providing notice via electronic publication or e-mail, along with any notice that Defendants receive from domain name registrars and payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

10.    Schedule A to the Complaint and Exhibit 2 to the Declaration of Ahmed Ismael shall remain sealed ~~until Defendants' financial accounts are restrained~~. Unless the Court orders otherwise, Plaintiff shall

[*] Rule 4(f) of the Federal Rules of Civil Procedure and Articles 1 and 15 of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention")

[**] naming the individual defendants listed on Schedule A, ECF No. 11. Plaintiff should contact the SDNY Finance/Cashier Office to obtain the summons in-person.

file unsealed versions of Schedule A to the Complaint and Exhibit 2 to the Declaration of Ahmed Ismael using the CM/ECF system ~~prior to the expiration of this Order~~ no later than January 18, 2023.

11.     Plaintiff shall deposit with the Court ~~Five~~ Twenty Thousand Dollars (~~$5,000.00~~ $20,000.00), either cash, cashier's check or surety bond, as security, which amount was determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

12.     Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order ~~on two (2) days' notice to Plaintiff or on shorter notice as set by this Court.~~

**IT IS FURTHER ORDERED** that a hearing shall be held on January 23, 2023 ~~2022~~ at 11:00 a.m./~~p.m.~~ which Plaintiff may present their motion for a preliminary injunction. The hearing shall proceed by teleconference as described below.

**IT IS FURTHER ORDERED** that opposing papers, if any, shall be filed and served on or before January 19, 2023 ~~2022~~, at 5:00 ~~a.m.~~/p.m.

This Temporary Restraining Order without notice is entered at 1:15 p.m. on January 9, 2023 ~~2022~~, and shall remain in effect for fourteen (14) days.

_____
U.S. District Court Judge  JESSE M. FURMAN

The hearing will take place remotely by telephone in accordance with Rule 3(B) of the Court's Individual Rules and Practices in Civil Cases, available at https://nysd.uscourts.gov/hon-jesse-m-furman. The parties should join the conference by calling the Court's dedicated conference line at (888) 363-4749 and using access code 542-1540, followed by the pound (#) key. (Members of the public and press may also attend using the same dial-in information; they will not be allowed to speak during the conference.) Counsel should review and comply with the rules regarding teleconferences in the Court's Individual Rules and Practices in Civil Cases, including Rule 3(B)(i), which requires the parties, no later than 24 hours before the conference, to send an email to the Court with a list of counsel who may speak during the teleconference and the telephone numbers from which counsel expect to join the call.

Plaintiff is hereby ORDERED to submit a proposed preliminary injunction order by no later than **January 19, 2023**, **at noon**.

The Clerk of Court is directed to terminate ECF No. 4.