IN THE U.S. DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF NEW YORK
CASE No. 22-cv-10784 (JMF)

| | |
|---|---|
| HAIRU MA | ] |
| Plaintiff | ] |
| v. | ] |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO, | ] ] ] ] ] ] |
| Defendants | ] |

## AMENDED TEMPORARY RESTRAINING ORDER

The Court having considered Plaintiff's *ex parte* application, including all papers filed in support thereof, for the following relief, entered a temporary restraining order ("TRO") on January 9, 2023, ECF 20, and extends and revises the same herein:

(1) a temporary injunction against Defendants (detailed in the **Schedule A** attached to the Complaint), enjoining the manufacture, importation, distribution, offering for sale, and sale of Counterfeit PEN HOLDER Products;

(2) a temporary restraint of Defendants' assets to preserve Plaintiff' right to an equitable accounting;

(3) an order to show cause why a preliminary injunction should not issue;

(4) expedited discovery allowing Plaintiff to inspect and copy Defendants' records relating to the manufacture, distribution, offering for sale, and sale of Counterfeit PEN HOLDER Products and Defendants' financial accounts; and

(5) service by electronic mail and/or electronic publication (collectively, the "Ex Parte Application for TRO"); and

1

The Court finding that it has personal jurisdiction over the Defendants because the Defendants directly target their business activities toward consumers in the United States, including New York, offering to sell and ship and/or selling products into this Judicial District. Specifically, Defendants are reaching out to do business with New York residents by operating one or more commercial, interactive Internet Stores through which New York residents can purchase products bearing counterfeit versions of the PEN HOLDER products incorporating US Design Patent No. D944327 entitled "Pen Holder" (the "'327 Patent"); and

The Court finding that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because Plaintiff have presented specific facts in the Declarations of Ahmed Ismael and Cory Rosenbaum, and accompanying evidence clearly showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition, specifically, in the absence of an *ex parte* Order, Defendants could and likely would modify registration data and content, change hosts, redirect traffic to other websites in their control, and move any assets from accounts in U.S.-based financial institutions to offshore accounts; and

The Court finding that Plaintiff has shown (a) Plaintiff has a reasonable likelihood of success on the merits, (b) no adequate remedy at law exists, (c) Plaintiff will suffer irreparable harm without injunctive relief, (d) the irreparable harm suffered without injunctive relief outweighs the irreparable harm defendant will suffer if the injunction is granted, and (e) the injunction will not harm the public interest; therefore

Effective immediately, the Court further ORDERS as follows:

**Temporary Injunction Enjoining the Manufacture, Importation, Distribution, Offering for Sale, and Sale of Counterfeit Products**

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them are temporarily enjoined and restrained from:

   a. Using the PEN HOLDER patent or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine PEN HOLDER product or is not authorized by Plaintiff to be sold in connection with the PEN HOLDER patent;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine PEN HOLDER product or any other product produced by Plaintiff that is not Plaintiff' or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the PEN HOLDER patent;

   c. committing any acts calculated to cause consumers to believe that Defendants' counterfeit PEN HOLDER products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

   d. further infringing the PEN HOLDER patent and damaging Plaintiff' goodwill;

   e. shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which embody

      or copy any Plaintiff patent, including the PEN HOLDER patent or any reproductions, counterfeit copies, or colorable imitations thereof;

  f. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, or any Online Marketplace Account that is being used to sell or is the means by which Defendants could continue to sell counterfeit PEN HOLDER products.

 2. Defendants, within fourteen (14) days after service of judgment with notice of entry thereof upon them, are required to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner and form in which Defendants have complied with paragraph 1 above.

### Temporary Disabling of Online Marketplace Accounts

 3. Those in privity with Defendants and those with notice of the injunction, including any online marketplaces such as Amazon, social media platforms such as Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, shall within three (3) business days of receipt of this Order:

  a. disable and cease providing services for any accounts through which Defendants engage in the sale of counterfeit PEN HOLDER products using the PEN HOLDER patent, including any accounts associated with the Defendants listed on Schedule A;

  b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit PEN HOLDER products using the PEN HOLDER patent; and

  c. take all steps necessary to prevent links to the Online Marketplace Accounts identified on Schedule A from displaying in search results,

including, but not limited to, removing links to the Online Marketplace Accounts from any search index.

## Temporary Asset Restraint

4. Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

5. Amazon Payments Inc ("Amazon") and PayPal shall, within two (2) business days of receipt of this Order, for any Defendant or any of Defendants' Online Marketplace Accounts:

   a. Locate all accounts and funds connected to and related to Defendants, Defendants' Online Marketplace Accounts, including, but not limited to, any Amazon and/or PayPal accounts connected to and related to the information listed in Schedule A hereto; and

   b. Restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

6. Any banks, savings and loan associations, payment processors or other financial institutions, including but not limited to Payoneer Inc ("Payoneer") for any Defendant or any of Defendants' Online Marketplace Accounts, shall within five (5) business days of receipt of this Order:

   a. Locate all accounts and funds connected to Defendants, or Defendants' Online Marketplace Accounts, including, but not limited to, any accounts connected to the information listed in Schedule A hereto;

  b. Restrain and enjoin such accounts from receiving, transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

### **Expedited Discovery**

7. Defendants and any third party with actual notice of this Order who is providing services for any of the Defendants, including, without limitation, any online marketplace platforms such as Amazon, Facebook, internet service providers, web hosts, back-end service providers, web designers, sponsored search engine or ad-word providers, banks, merchant account providers, including Amazon, PayPal and Payoneer, third party processors and other payment processing service providers, shippers, and domain name registrars shall, within fourteen (14) business days after receipt of such notice, provide to Plaintiff expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

  a. The identities and locations of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information;

  b. the nature of Defendants' operations and all associated sales and financial information, including, without limitation, identifying information associated with the Online Marketplace Accounts and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Online Marketplace Accounts;

  c. Defendants' Online Marketplace Accounts;

      d.      Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Amazon, PayPal and/or Payoneer, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

### Service by Electronic Mail and/or Electronic Publication

8.     Plaintiff may provide notice of these proceedings to Defendants, including notice of the status hearing and service of process pursuant to Rule 4(f) of the Federal Rules of Civil Procedure and Articles 1 and 15 of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention") by electronically publishing a link to the Complaint, this Order and other relevant documents on a website or by sending an e-mail to any e-mail addresses provided for Defendants by third parties that includes a link to said website. The Clerk of Court is directed to issue a single original summons naming the individual defendants listed on Schedule A, ECF No. 11. Plaintiff should contact the SDNY Finance/Cashier Office to obtain the summons in-person. The combination of providing notice via electronic publication or e-mail, along with any notice that Defendants receive from domain name registrars and payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

9.     Schedule A to the Complaint and Exhibit 2 to the Declaration of Ahmed Ismael shall remain sealed. Unless the Court orders otherwise, Plaintiff shall file and serve unsealed versions of Schedule A to the Complaint and Exhibit 2 to the Declaration of Ahmed Ismael using the CM/ECF system **as soon as Ali-Express confirms compliance with this Order or March 3, 2023, whichever is earlier**.

10.  Plaintiff has already deposited with the Court Twenty Thousand Dollars ($20,000.00), either cash, cashier's check or surety bond, as security, which amount was determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

11.  Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order.

**IT IS FURTHER ORDERED** that a hearing shall be held on **March 10, 2023**, at **2:30 p.m.**, at which Plaintiff may present its motion for a preliminary injunction. The hearing will take place remotely by telephone in accordance with Rule 3(B) of the Court's Individual Rules and Practices in Civil Cases, available at https://nysd.uscourts.gov/hon-jesse-m-furman. The parties should join the conference by calling the Court's dedicated conference line at (888) 363-4749 and using access code 542-1540, followed by the pound (#) key. (Members of the public and press may also attend using the same dial-in information; they will not be allowed to speak during the conference.) Counsel should review and comply with the rules regarding teleconferences in the Court's Individual Rules and Practices in Civil Cases, including Rule 3(B)(i), which requires the parties, no later than 24 hours before the conference, to send an email to the Court with a list of counsel who may speak during the teleconference and the telephone numbers from which counsel expect to join the call.

**IT IS FURTHER ORDERED** that opposing papers, if any, shall be filed and served on or before **March 7, 2023**, at **noon**.

This Revised Temporary Restraining Order without notice is entered at 4:30 p.m. on February 27, 2023, and shall remain in effect for fourteen (14) days.

The Clerk of Court is directed to terminated ECF Nos. 31 and 34.

_____
U.S. District Court Judge
Jesse M. Furman

8