UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
======================================X
HAIRU MA,
   A foreign entity,


                           Plaintiff,

-against-                                     Case No. 22-cv-10784 (JMF)


THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY
COMPANIES, PARTNERSHIPS, AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE
COMPLAINT,

                           Defendants.
======================================X

## ~~PROPOSED~~ PRELIMINARY INJUNCTION ORDER

Plaintiff requested the Entry of a Preliminary Injunction against the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint (collectively referred to as the "Defendants") and using at least the domain names identified in Schedule A (the "Defendant Domain Names") and the online marketplace accounts identified in Schedule A (the "Online Marketplaces"). After reviewing the Motion and the accompanying record, this Court GRANTS Plaintiff's Motion as follows:

This Court finds Plaintiff has provided notice to Defendants in accordance with the Temporary Restraining Order entered January 9, 2023 (ECF 20) ("TRO"), the Order entered on March 10, 2023 (ECF 45); and Federal Rule of Civil Procedure 65(a)(1).

This Court also finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including New York. Specifically, Plaintiff has provided a

1

basis to conclude that Defendants have targeted sales to New York residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including New York, and have sold products infringing his rights under his design patent for a pen or pencil holder of a unique and attractive design. Products of the patented design have been widely copied and sold without authorization in the United States as well as into and within this jurisdiction without a license or permission by Plaintiff. Here, Plaintiff has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with New York residents by operating one or more commercial, interactive internet stores through which New York residents can and do purchase products that utilize Plaintiff's Copyrighted Works.

This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Plaintiff's previously granted Motion for Entry of a TRO establishes that Plaintiff has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted.

Specifically, Plaintiff has proved a *prima facie* case of patent infringement because

(1) Plaintiff owns valid design patent(s) U.S. Patent No. D944327, (2) Defendants design, manufacture, market, import, and sell Accused Products of the same or substantially the same design that infringe the claim of the aforementioned Patent either literally or under the doctrine of equivalents under 35 U.S.C. §§ 271(a), and (3) Defendants have had knowledge of Plaintiff's

Patent by markings on authorized products or product packaging such as "Patent D944327" or "Pat. D944327", by virtual marking of the patented article with "1688.com" where "1688.com" is an Internet address that is accessible to the public without charge and which associates the patented article with the number of the '327 patent, or by actual notice at least upon the service of this Complaint.

Furthermore, Defendants' continued and unauthorized use of the Copyrighted Works irreparably harms Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Plaintiff has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

   a. using the Patented Works or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine product made by Plaintiff or not authorized by Plaintiff to be sold;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine product made by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale;

   c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

  d. reproducing, publicly displaying, distributing, or otherwise further infringing Plaintiff's Patent in Plaintiff's Patented Works; and

  e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff nor authorized by Plaintiff to be sold or offered for sale that constitute or include the Patented Works, or any reproductions, counterfeit copies, or colorable imitations.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3. Upon Plaintiff's request, Defendants and any third party with actual notice of this Order who is providing services for any of Defendants, or in connection with any of Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as eBay, Inc., AliExpress, Alibaba Group Holding Ltd. ("Alibaba"), Amazon.com, Inc., ContextLogic Inc. d/b/a Wish.com ("Wish.com"), and Dhgate (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Plaintiff expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

  a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

  b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

4

      c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), Alipay, Wish.com, Alibaba, Ant Financial Services Group ("Ant Financial"), Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4. Upon Plaintiff's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 4, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants that involve the reproduction, public display, distribution, or other use of Plaintiff's Copyrighted Works or any works substantially similar thereto.

5. Any Third Party Providers, including, without limitation, PayPal, Alipay, Alibaba, Ant Financial, Wish.com, and Amazon Pay, shall, within seven (7) calendar days of receipt of this Order:

      a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto and any e-mail addresses provided for Defendants by third parties; and

      b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

6. Plaintiff may provide notice of the proceedings in this case to Defendants, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Pleadings, this Order, and other relevant documents on a website and /or by sending an e-mail

to the e-mail addresses provided for Defendants by third parties. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

7. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Southern District of New York's Local Rules. Any third party impacted by this Order may move for appropriate relief.

8. The foregoing paragraphs of this Order apply to all Defendants remaining in the case.*

IT IS SO ORDERED.

Dated: March 24, 2023.

                                                Honorable Jesse M. Furman
United States District Judge

* Except for Defendants yuytee, Alucy, xuuyuu, Pongnas, Sinbuy-us, Rotekt1740, ANGGREK K-US, WYANG, and Kireinaa, which are EXCLUDED from this Preliminary Injunction Order.

Plaintiff shall file a status update on next steps by **March 31, 2023**, and again **one month thereafter**.

The Clerk of Court is directed to **unseal** (i.e., convert to public view) all docket entries that are currently restricted --- i.e., ECF Nos. 10, 11, 17, 18, 23, 26, 28, 30-34, 36, 41, and 42 --- along with any attachments to those filings.